IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AT AUSTIN

| | |
|---|---|
| OMORUYI EBOMWONYI, | * |
| OWOLABI OLOWOOKERE, | * |
| Plaintiffs, | *   Case No: A-19-cv-364-LY |
| | *   **PLAINTIFF FIRST AMENDED COMPLAINT** |
| -vs- | * |
| MAERSK LINES AND | * |
| SEA SHIPPING LINE | * |
| Defendants | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to the Court's Order date July 11, 2019. (Doc. #9).  e Plaintiffs, OMORUYI EBOMWONYI and OWOLABI OLOWOOKERE ("Plaintiffs"),. Defendants MAERSK LINES and SEA SHIPPING LINE ("collectively are referred to herein as ("Defendants") and together with Plaintiffs are the parties. In here pursuant to the Court Order dated July 11, 2019 Plaintiffs Respectfully Submit these plaintiffs first complaint amendment, pursuant to the leave of court. Order Doc. #9. alleges as follows:

## I. PARTIES:

I. 1.  Plaintiffs are a citizen of the US and resident of Austin Texas (State of Texas).

I. 2.   Defendants are Shipping Line Company Organized which is a corporation of the State(s) New Jessy and New Jersey existing pursuant to the laws of the State(s) of New Jersey and New Jersey of the United States.

I. 3.   Defendant(s) also has its Principal Place of business at Red Bank New Jersey and Defendant(s) Sea Shipping Line CO., Principal Place of business in all over the State of New Jersey.

I. 4.   Defendant(s) Sea Shipping Line engaged in providing lot of shipping business in the State and locality of Texas; Actively engaging in transaction for the purpose of financial or pecuniary gain of profit in the State of Texas. And Plaintiff also brought this action pursuant to FRCP section 1332(c) A corporation can be considered a business of multiple state, in here Sea Shipping Line.

I. 5.   Defendant(s) Maersk Lines second tortfeasor defendant(s) has its Principal Place of business at 8686 New Trails Drive Woodlands. Houston, TX. 77381-1190 also engaged in providing lot of shipping business in the State and locality of Texas; Actively engaging in transaction for the purpose of financial or pecuniary gain of profit in the State of Texas.

## II. JURISDICTION AND VENUE

II. 1.   There are Complete Diversity of Citizenship between the Plaintiff and any of the Defendants. Also, the complaint is brought pursuant 28 U.S.C. section 1332 (c) Diversity of Citizenship;

II. 2.   28 U.S.C. Section 1332 (b) the amount in controversy Plaintiff certify the Jurisdiction Amount Required Pursuant to 28 U.S.C. Section 1332(b) that is amount sought exceeds the sum of seventy-five thousand dollars ($75,000); **II.3.**   28 U.S.C. Section 1337 commerce and 28 U.S.C. section 11706 of the Bill of Lading.

**Amendment:** Plaintiffs hereby amend their pleading, pursuant to FRCP 15(a) amendments prior to trial as in here and FRCP 15(c) Relation Back Doctrine. Here plaintiff Mr. Ebomwonyi Joint the following parties: (A) Owolabi Olowookere here as Plaintiff and; (B) Maersk Lines also in here a tortfeasor Defendant(s) as require by FRCP19. Required Joinder of Parties also FRCP20. Permissive Joinder of Parties.

### III.  FACTS and BACKGROUND

**III. 1.** In this matter, plaintiff had is container, [Goods] ship, in here revolves on a Bill of Lading Number: 963374259. Incidents date May 23, 2018. This said goods/container was delay due to negligence of the Sea Shipping Line/Agent, hence in here this delay of the Sea Shipping Line amount to Negligence which is actionable here, Plaintiff is seeking redress here from.

Plaintiff was charge for Demurrage which Sea Shipping promised to paid plaintiff, till-date Defendant refused to refund Plaintiff what he paid for the demurrage.

**III.2.** Plaintiff travelled to Lagos Nigeria to retrieve is goods and paid for demurrage. Plaintiff suffered damages.

**III. 3.** All effort to get defendant('s) to settle or refund rightful claim fell in a deaf ear. Thus, defendant(s) violated the covenant of good-faith dealing, breached of contract both parties entered by the Bill of lading, failed to*' delivered plaintiff goods as promised by defendant(s); undue delay, and refused to make a reasonable settlement offer.

### IV. GENERAL ALLEGATIONS

**IV.** The general allegations/factual allegations as see in **the** foregoing, Plaintiff, hereby comply with Rule 8 (a) states provide "a short and plain statement of the claim showing that the pleader (plaintiffs) is entitled to relief" OMORUYI EBOMWONYI has endured significant mental and

emotional distress and trauma because of these actions of the Defendant(s): (a) That Defendant(s) refused to settle a rightful claim; (b) Plaintiff and Defendants enter into contract and at the time of this said breached plaintiff was in contract with Defendant(s); (c) Bad-Faith Dealings; (d) Tort of Negligence; (e) Economic Loss and (f) Breach of Standard Contract.

## V. CAUSES OF ACTION

**COUNT 1.**   **BAD-FAITH DEALING :** On February 2, 2018 Plaintiffs ship a large container containing 4 (four) automobiles owns by Plaintiff from Houston, Texas to Tincan/Lagos, Nigeria a ship owned by Defendant Maersk Line, Plaintiffs good was delay by the Defendants, pursuant to Bill of Lading Contract agreement entered by both parties, when defendants notice the delay, knowingly, and egregiously failed to notified Plaintiffs, regard this said delay in here defendants Violate the duty owes to Plaintiff. Defendants failure to exercise due care to delivered plaintiff goods according to their contract agreement, and failure for defendants to keep to the contract agreement both parties entered pursuant to 28. U.S.C. section11706 [Bill of Lading] number 963374259., is at issue here and it delay by defendants to deliver according to Bill of Lading (contract agreement) violate here 28 .U.S.C. Section 11706

   Pursuant to Order dated July 11, 2019 at Analysis "(1) a short and plain statement...specific statute or laws that supports that claim", in here at this stage with due respect Plaintiffs are not required to specifically cite law. After Discovery et al., in here regards Bill of Lading that plaintiffs should attached to its Amended Complaint, Plaintiffs will do so after discovery as this said Bill of Lading originated from these Defendants. In here pursuant to Texas Law on Special Relationships, Texas courts most often look to the Restatement for guidance in defining

4

Special relationship that impose duties of affirmative action as a matter of law in tort case as in here,

Restatement Section 314A, 314B , and 320 detail the special relationships in which an individual has a duty to aid or protect another as in here: 1)a common carrier and passenger, as defendants here; 2) an innkeeper and guests; 3) one who voluntarily assume control or is required to take control of another as in here etc. The above foregoing supports Plaintiffs Claim.

Plaintiffs never waive their rights to sue Defendants, here in the incident or transaction that took place in the State of Texas and plaintiffs ascertain they never sign or having the knowledge that the Bill of Lading contain the mandatory forum selection in the Bill of Lading, hence here plaintiffs should not be bound by what plaintiffs don't have the knowledge if this said Bill contains mandatory forum supra.

Plaintiffs file this amendment, Memorandum and laws, requesting the Court grant this motion and possessed jurisdiction upon this action pursuant to 28 U.S.C. Section 1404 (a),The federal courts have used 1404(a) as a device for securing to litigants that forum in the federal judiciary most convenient for the greatest number of parties and witnesses and most conducive to the full attainment of justice, as in here. Here this court for sake of justice, use section 1404(a) to secure litigants that forum. Convenience to court and counsel has been shown to be immaterial; the interests of litigants and witnesses as in here are paramount.

Plaintiff OMORUYI EBOMWONYI realleges and reincorporates each and every allegation in I to V. As if fully set forth herein.

**COUNT 2. NEGLIGENCE:** On or about February 2, 2018 Ebomwonyi and OWOLABI OLOWOOKERE entered into a contract with the Defendants to ship its goods. With one of its Agent/Agency, operated and/or

5

maintained by Defendant(s) Sea Shipping Line. Plaintiff Mr. Ebomwonyi and OWOLABI OLOWOOKERE were injured due to dangerous action or conduct of the Defendant(s) as see in foregoing complaint.

**(a)**   Defendants requested, allowed, permitted and encouraged Plaintiff to enter into the contract with Defendants. Consequently, Plaintiff was an invitee whom Defendants owed a duty to use ordinary care, Including the duty to inspect, Protect and guard Plaintiff from unreasonably dangerous conditions and conduct existing on its premises or to warn Plaintiff against the Conduct of its Agent or Employees of their existence, ( Delay).

**(b)**   Plaintiffs was exercising ordinary care when suddenly Defendants refused to settle a Rightful Claim, et al, because of the aforesaid dangerous conduct, (Delay) Plaintiff Sustained injuries.

**(c )**   Plaintiffs would show the defendant(s) owned a duty of care to the Plaintiff by Plaintiff Bill of Lading Account Opened with the Defendant(s).

**(d)**   Plaintiffs suffered injury and damages as a direct and proximate result of the unreasonably dangerous conduct of the Defendant(s) supra.

(e) Plaintiffs Omoruyi Ebomwonyi realleges and reincorporates each allegation in complaint I to V. Which is hereby incorporated with reference as if fully set forth herein.

(f)   At all relevant times to this Complaint, the directors, officers, operators, administrators, employees, agents and staff acted within their capacities and scopes of employment for the Defendants.

**COUNT 3. BREACH OF CONTRACT:** Defendants are liable to Plaintiff for breaching express and implied that they made regarding Plaintiff Bill of Lading. Plaintiff Omoruyi Ebomwonyi realleges and reincorporates each and every allegation in 1 to V. As if fully set forth herein. At all relevant time to this Complaint, the directors, officers, operators, administrators, employees, agents and staff acted within their capacities and scopes of employment for the Defendant(s)

**COUNT 4. VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY.**

**(a)** Plaintiff, OMORUYI EBOMWONYI realleges and reincorporates each allegation in its complaint I to IIV. Which is hereby incorporated with reference as if fully set forth herein

**(b)** At all relevant times to this complaint, the directors, **officers**, operators, administrators, employees, agents and staff action within their capacities and scopes of employment for the Defendant.

**COUNT 5. UNJUST ENRICHMENT.** Defendants refused to settle a rightful claim as in here amount to scienter hence the Defendant(s) wrongly keep the settlement amount as in here Defendant Unjust Enriched themselves.

**(a)** Plaintiffs here realleges and reincorporates each allegation above as if fully set forth herein, Complaint I to V. Which is hereby incorporated with reference as if fully set forth herein

7

**(b)** At all relevant times to this complaint, the directors, officers, operators, administrators, employees, agents and staff action within their capacities and scopes of employment for Defendants.

**(c )** The acts and/or omissions set forth above in this Complaint would constitute a claim under the FED. R. CIV. P. and law of state

## VI. DAMAGES/ RELIEF

(a) OMORUYI EBOMWONYI, Plaintiffs filled this complaint or petition due to Defendants engaged in bad-faith, Unfair/Denial, negligence, failure to pay settlements plaintiff deserves, Unreasonable Delay, Unjust Enrichment et al.

(c) Plaintiffs grounds for the complaint against defendant are also under Bill of Lading in here a Federal Questions which pose jurisdiction upon this Court.

(d) Plaintiffs severally demanded since 2018 for defendants to pay on the above claim. Defendants till date refused or failed to pay on this claim.

(e) Defendants unlawful action is to favor them that has upper hand

(f) Plaintiffs seeks against defendants that plaintiffs are herein seeking (1) Uncompensated Economic Damages: Medical expenses, loss of wages, et al; (2) Non-economic Damages: Pain, Suffering, Anxiety, et al. Hence, Plaintiffs is seeking claims based on its Bill of Lading, damages claim against defendant-Sea Shipping Line for the sum of $85,000 (Eighty-Five thousand dollars).

## VII PRAYER FOR RELIEF.

The court should award plaintiffs any part of the relief requested, Plaintiffs additionally prays that the court award such other and further relief to which plaintiff may just be entitled.

**WHEREFORE,** Plaintiffs, OMORUYI EBOMWONYI, does Hereby pray that judgment be entered in his favor and against the Defendants as follow:

1. Award the sum of $85,000. Against Defendants.

2. The court also to grant applicable interest and cost.

3. Here Plaintiffs requesting the Court grant this motion and possessed jurisdiction upon this case as 28 U.S.C. Section 1404s particularly section 1404(a) support this court have jurisdiction.

4. In alternative for sake of Justice transferred this case to the Southern District of New York as Defendants support transferred.

5. And such other and further relief to which plaintiffs may just be entitled.

September 10, 2019

Respectfully Submitted.---------- [signature] 9/15/2019

Omoruyi Ebomwonyi

Address :1007 Laurel Oak Trail

Pflugerville TX 78660