UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
OMORUYI EBOMWONYI and OWOLABI :
OLOWOOKERE, :
:
Plaintiffs,   :   19-CV-11243 (JMF)
:
-v-   :   OPINION AND ORDER
:
SEA SHIPPING LINE and MAERSK LINES,   :
:
Defendants.   :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Omoruyi Ebomwonyi, proceeding without counsel, brings this action against Sea Shipping Lines ("SSL"), a non-vessel owning common carrier, and Maersk Lines ("Maersk"), asserting breach-of-contract and negligence claims arising out of an overseas shipment of Ebomwonyi's cargo. *See* ECF No. 12 ("Am. Compl."). The Amended Complaint also purports to bring claims on behalf of another Plaintiff: Owolabi Olowookere. Defendants now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint. *See* ECF Nos. 34, 36. For the reasons stated below, the Court grants the motions without prejudice as to Olowookere's claims; grants Maersk's motion to dismiss the claims against it as time barred; grants SSL's motion to dismiss as to one of Ebomwonyi's three claims (albeit with leave to file amend); converts SSL's motion to dismiss Ebomwonyi's other two claims into a motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure; and grants the motion, so converted, as to those claims.

**BACKGROUND**

The following facts are, unless otherwise noted, taken from the Amended Complaint and are assumed to be true for purposes of this motion. *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

On March 28, 2019, Ebomwonyi initiated this action against SSL in the Western District of Texas, invoking diversity jurisdiction under 28 U.S.C. § 1332 as a basis for federal court jurisdiction.[1]  *See* ECF No 1 ("Compl."). In his original complaint, Ebomwonyi alleged that, "on or about February 2, 2018," he entered into a contract with SSL pursuant to which SSL was to ship four vehicles from Texas to Nigeria. *Id*. at 4. But, according to Ebomwonyi, "due to [SSL's] negligence," *id*. at 2, there was a delay in transportation of the cargo that led him to "travel to Lagos[,] Nigeria to retrieve [h]is goods and pa[y] for demurrage," *id*. at 3. He further implied that he had covered the costs of demurrage because SSL had "promised" to refund them. *Id*. at 3. Ebomwonyi alleged that his action "revolve[d]" around a "Bill of Lading Number: 963374259" and that the "incident[] date" was on May 23, 2018. *Id.* at 2.

On May 9, 2019, SSL moved to dismiss the action, arguing that (1) Ebomwonyi was not a party to its bill of lading and therefore did not have a right to assert a claim under it; (2) the applicable bill of lading exempted SSL from liability; and (3) there was no cognizable claim against a carrier for its bad faith failure to settle a claim. *See* ECF No. 3, at 2-3. SSL attached to

---

[1]   The Court does not have jurisdiction over this action under the diversity statute because the parties are not completely diverse. The Court does, however, have admiralty jurisdiction. *See* U.S. Const., Art. III, § 2 (providing that federal courts have power to hear "all Cases of admiralty and maritime Jurisdiction"); 28 U.S.C. § 1333(1) (providing that federal courts may exercise "original jurisdiction [over] [a]ny civil case of admiralty or maritime jurisdiction."); *see, e.g., A.P. Moller-Maersk A/S v. Ocean Express Miami*, 550 F. Supp. 2d 454, 461 (S.D.N.Y. 2008) ("So long as a bill of lading requires substantial carriage of goods by sea, it constitutes a maritime contract over which the federal courts may appropriately exercise admiralty jurisdiction." (internal quotation marks omitted)).

the motion a document, which it referred to as a house bill of lading ("HBOL"), that it maintained was the applicable bill of lading.  Dated February 1, 2018, the HBOL lists Olowookere — not Ebomwonyi — as the shipper and "Jacob Emmanuel" as the consignee.  *See* ECF No. 3-1 ("HBOL"), at 2.  But the HBOL bill of lading number is SRB180079, not 963374259; the latter — the bill of lading number referenced in Ebomwonyi's Complaint — is provided as the booking number.  *Id.*  The HBOL also lists Houston, Texas, as the point of loading; Tincan, Lagos, Nigeria, as the point of discharge; a Maersk vessel as the export carrier; and four vehicles as the relevant cargo.  *Id.*

Significantly, the HBOL expressly exempts SSL from responsibility for any delay in the delivery of cargo to the destination port:

> The Carrier shall not be liable in any capacity whatsoever for any delay, non-delivery, or mis-delivery . . . while the goods are not in his actual custody.  The Carrier does not undertake to deliver the goods at destination at any particular time or to meet any particular market or use and assumes no liability whatsoever for any direct or indirect loss or damage thereby caused to the merchant.

HBOL ¶ 3.  With respect to delivery at destination, and any subsequent storage costs, the HBOL provides as follows:

> The Merchant[2] or his Assign shall take delivery of the goods and continue to receive the goods as fast as the Vessel can deliver . . . [and if the] cargo is not applied for within a reasonable time the Carrier may at its option and subject to its lien arrange for storage and ultimately sell the goods, all of which to be for the risk and expense of the merchant.

*Id.* ¶ 9.  Finally, to the extent relevant here, the HBOL provides that any claim for loss or damage to property must be "brought within one year after the delivery of the goods or the date when the goods should have been delivered."  *Id.* ¶ 23.

---

[2]  The HBOL's definition of merchant includes the shipper.  HBOL ¶ 1.

In his opposition to SSL's motion, Ebomwonyi reasserted that SSL had delayed shipment of his goods and that "Plaintiff claim[ed] his goods from Defendant at the port in Lagos, Nigeria." ECF No. 6, at 3. He also countered SSL's argument that he was not a party to the contract, stating that SSL "owns [the] Exhibit filed in this court" — that is, the "bill of lading for ocean transport" — and attached the bill of lading. *Id.* at 7. This bill of lading for ocean transport ("OBOL") included 96337429 as both the bill of lading number and the booking number; listed SSL, not Olowookere, as the shipper; Ebomwonyi, not Emmanuel, as the consignee; Emmanuel as the "notify party"; and Maersk as the export carrier vessel. ECF No. 6-1 ("OBOL"), at 1. The OBOL also listed the same four vehicles identified in the HBOL; listed February 1, 2018, as the ship date and February 23, 2018, as the issue date; and was signed by a Maersk representative. *Id.* Ebomwonyi, however, did not attach the reverse side of the document, which contained its terms and conditions. *Id.*

The United States District Court for the Western District of Texas granted Ebomwonyi leave to amend his complaint to specify which bill of lading was at issue and to state which provision of the bill of lading was violated. *See* ECF No. 9, at 2. On September 9, 2019, Ebomwonyi filed the Amended Complaint, which added Olowookere as a plaintiff; Olowookere, however, did not sign the Amended Complaint or otherwise indicate that he had authorized his being added as a party to this action. *See* Am. Compl. 9. Notwithstanding the addition of a few more details, the Amended Complaint was similar to the original complaint in all material aspects: that is, Ebomwonyi claimed that, on February 2, 2018, he and Olowookere had "entered into a contract with the Defendants to ship" cargo from Houston, Texas to Tincan Island Port, in Lagos, Nigeria. *Id.* at 4-5. Ebomwonyi also named Maersk as a defendant and stated that the

4

"matter . . . revolves on a Bill of Lading Number: 963374259." *Id.* at 3. But Ebomwonyi did not attach a bill of lading to the Amended Complaint.

Thereafter, the Western District of Texas transferred the matter to this District based on a forum selection clause in the HBOL. *See* ECF No. 20, at 1. SSL and Maersk then filed their motions to dismiss. SSL argues that: (1) Plaintiffs' claims are time barred; (2) SSL is not liable for damages due to any delay; (3) SSL has no duty to settle claims; (4) SSL did not owe a special duty of care to Plaintiffs under the Restatement of Torts; (5) Ebomwonyi is not a party to the contract of carriage and has no right to assert a claim against SSL; (6) Olowookere's claims should be dismissed because he did not sign the Amended Complaint, and Ebomwonyi has not alleged that he has the authority to assert claims on his behalf; and (7) Olowookere improperly intervened without leave of court. *See* ECF No. 37, at 1. SSL also filed a Notice that the Court may treat its motion to dismiss as a motion for summary judgment under Rule 56(c), explaining that material not attached to the Amended Complaint may be considered. *See* ECF No. 39. Maersk argues that the action is time barred and attaches to its motion an "Arrival Notice" — with bill of lading number 963374259, a shipped-on-board date of February 1, 2018, and a print date of March 5, 2018 — which states that the shipment arrived at the Tin Can Island Port in Nigeria that day. *See* ECF No. 34-1 ("Arrival Notice"), at 11. The Arrival Notice lists SSL as the shipper and Emmanuel as the consignee and notify party; it also states that the cargo was due to arrive on March 7, 2018. *See id.*[3]

---

[3]   In a certification attached to SSL's motion, SSL stated that the estimated time of arrival was March 8, 2018, but the cargo was off-loaded on March 7, 2018. *See* ECF No. 36-1, at 2.

5

## STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See, e.g., Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009).  To survive such a motion, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  More specifically, the plaintiff must allege enough facts to show "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

"Because a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence, a court adjudicating such a motion may review only a narrow universe of materials."  *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).  In particular, when considering such a motion, district courts must limit their consideration to: (1) "the factual allegations in the . . . complaint, which are accepted as true"; (2) "documents attached to the complaint as an exhibit or incorporated in it by reference"; (3) "matters of which judicial notice may be taken"; or (4) "documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit."  *Roth v. CitiMortgage Inc.*, 756 F.3d 178, 180 (2d Cir. 2014) (internal quotation and alterations marks omitted).

Rule 12(d), however, provides that "[i]f . . . matters outside the pleadings are presented to and not excluded by the court" on a motion under Rule 12(b), "the motion must be treated as one for summary judgment under Rule 56."  That is, when a party submits additional materials for the court to consider — as SSL and Maersk do here — the court must either disregard the

6

materials outside the pleadings or, after giving the parties "a reasonable opportunity to present all the material that is pertinent to the motion," convert the motion to dismiss into one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(d); *see Sahu v. Union Carbide Corp.*, 548 F.3d 59, 66 n.1 (2d Cir. 2008); *see also First Fin. v. Allstate Interior Demolition*, 193 F.3d 109, 115 (2d Cir. 1999).

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is "material" if "it might affect the outcome of the suit under the governing law."  *Bessemer Trust Co., N.A. v. Branin*, 618 F.3d 76, 85 (2d Cir. 2010) (internal quotation marks and alteration omitted).  In making the determination as to whether summary judgment is appropriate, the evidence must be construed in the light most favorable to the nonmoving party and all reasonable inferences must be drawn in his favor.  *See, e.g.*, *Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund*, Ltd., 661 F.3d 164, 171 (2d Cir. 2011).

In light of these standards, to defeat a motion for summary judgment, the nonmoving party must do "more than simply show that there is some metaphysical doubt as to the material facts."  *Jeffreys v. City of N.Y.*, 426 F.3d 549, 554 (2d Cir. 2005) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  In addition, he "may not rely on conclusory allegations or unsubstantiated speculation," *id.* (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001)), and "must offer some hard evidence showing that its version of the events is not wholly fanciful."  *Id.* (quoting *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998)).  "The mere existence of a scintilla of evidence in support of the plaintiff's

position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)); *see also Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (At summary judgment, "[t]he time has come . . . 'to put up or shut up.'") (citations omitted)).

Finally, as relevant here, a court is "obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010); *accord Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Thus, when considering Plaintiffs' submissions, the Court must interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). Nevertheless, "to survive a motion to dismiss, a *pro se* plaintiff must still plead sufficient facts to state a claim that is plausible on its face." *Bodley v. Clark*, No. 11-CV-8955 (KBF), 2012 WL 3042175, at *2 (S.D.N.Y. July 23, 2012); *see also, e.g.*, *Green v. McLaughlin*, 480 F. App'x 44, 46 (2d Cir. 2012) (summary order) ("*[P]ro se* complaints must contain sufficient factual allegations to meet the plausibility standard."). And similarly, proceeding *pro se* "does not otherwise relieve [a party] from the usual requirements of summary judgment," including the obligation "to set forth concrete particulars showing that a trial is needed." *Wesolowski v. Kamas*, 590 F. Supp. 2d 431, 433 (W.D.N.Y. 2008) (internal quotation marks omitted).

## DISCUSSION

As noted, Defendants move to dismiss the Amended Complaint on several grounds. The Court will begin with Olowookere's claims, then turn to Ebomwonyi's claims against Maersk, and finish with the only claims that require any substantial analysis, the claims against SSL.

8

### A. Olowookere's Claims

It is well established that a litigant proceeding *pro se* "must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). Consistent with that principle, 28 U.S.C. § 1654 provides that, in federal court, "parties may plead and conduct their own cases personally or by counsel." The statute "recognizes that an individual generally has the right to proceed *pro se* with respect to his own claims or claims against him personally" or to be represented by a licensed attorney. *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009). But the right to proceed *pro se* does not extend to "an individual who is not licensed as an attorney" appearing on another person's behalf. *United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008). Here, although Olowookere's name appears in the Amended Complaint, he did not sign the Amended Complaint or the opposition to Defendants' motions, as required by Rule 11 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented."). Nor has he indicated his involvement in this proceeding in any other way. Thus, it appears that Ebomwonyi is bringing Olowookere's claims on Olowookere's behalf, which he may not do. Accordingly, the Court dismisses Olowookere's claims — without prejudice to his bringing them himself or through counsel.

### B. Claims Against Maersk

Next, the Court turns to Ebomwonyi's claims against Maersk. As the claims against Maersk concern "a carrier engaged in the carriage of goods . . . from a[ ] port in the United States," the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §§ 1300-1315, applies.

9

Section 1303(6) of COGSA provides that "[t]he carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered." 46 U.S.C. § 1303(6). Whether a claim is barred by this statute-of-limitations provision is "[o]rdinarily . . . an affirmative defense that must be raised in the answer," but the law is clear that "a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015).

That is the case here. In the Amended Complaint, Ebomwonyi alleges that he and SSL entered into an agreement on February 2, 2018, pursuant to which Maersk would provide a vessel to transport Ebomwonyi's cargo. He also alleges that, on May 23, 2018, an incident occurred, apparently relating to the storage costs incurred after the cargo arrived in Nigeria. But he did not name Maersk as a Defendant until he filed the Amended Complaint on September 9, 2019 — over sixteen months later. And the Amended Complaint does not relate back to the original complaint under Rule 15(c)(1) of the Federal Rules of Civil Procedure, as Ebomwonyi did not assert any claims against Maersk in the original complaint and the absence of claims against Maersk in the original complaint was not due to "a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C); *see, e.g.*, *Jhagroo v. Brown*, No. 16-CV-03426 (MKV) (SDA), 2020 WL 3472424, at *2 (S.D.N.Y. June 25, 2020); *Neal v. Wilson*, 239 F. Supp. 3d 755, 759 (S.D.N.Y. 2017). Thus, the claims against Maersk must be and are dismissed as time barred under COGSA's statute of limitation. *See* 46 U.S.C. § 1303(6).

### C. Claims Against SSL

That leaves Ebomwonyi's claims against SSL. Liberally construed, the Amended Complaint asserts three claims against SSL: (1) that the shipment of the cargo did not arrive on

10

time (the "delay claim"); (2) that SSL was responsible for storage costs, commencing from the date of delivery to Nigeria, to May 28, 2019 (the "storage-costs claim"); and (3) that SSL agreed to pay Ebomwonyi for the storage costs but failed to do so (the "breach-of-contract claim").[4] SSL moves to dismiss these claims on various grounds.

The breach-of-contract claim is most easily addressed. To state a breach claim, a plaintiff must allege four elements: (1) the existence of a contract, (2) performance of the contract by the plaintiff, (3) breach by the defendant, and (4) damages suffered as a result of the breach. *See*, *e.g.*, *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011).[5] Critically, "[a] complaint 'fails to sufficiently plead the existence of a contract' if it does not provide 'factual allegations regarding, inter alia, the formation of the contract, the date it took place, and the contract's major terms.' Conclusory allegations that a contract existed or that it was breached do not suffice." *Emerald Town Car of Pearl River, LLC v. Phila. Indem. Ins. Co.*, No. 16-CV-1099 (NSR), 2017 WL 1383773, at *7 (S.D.N.Y. Apr. 12, 2017) (quoting *Valley Lane Indus. Co. v. Victoria's Secret Direct Brand*, 455 F. App'x 102, 104 (2d Cir. 2012) (summary order)); *accord Childers v. N.Y. & Presbyterian Hosp.*, 36 F. Supp. 3d 292, 312 (S.D.N.Y. 2014) (dismissing a contract claim where the complaint alleged, "in a conclusory fashion, that there was an express contractual relationship between the parties, but it d[id] not include any details regarding this

---

[4] Ebomwonyi also references the Restatement of Torts, but for the reasons stated in SSL's motion, the referenced sections do not apply to the facts of this case. *See* ECF No. 37, at 8-9.

[5] The parties do not brief, and the Court need not decide here, what law applies because the relevant breach-of-contract standards under admiralty law and the law of the states whose laws could conceivably apply (namely, New Jersey, New York, and Texas) do not differ materially. *See Mitsui O.S.K. Lines, Ltd. v. Archer-Daniels-Midland Company,* No. 17-CV-5588 (JMF), 2018 WL 3946446, at *3 (S.D.N.Y. Aug. 16, 2018); *see also R.R. Mgmt. Co., L.L.C. v. CFS La. Midstream Co.*, 428 F.3d 214, 222 (5th Cir. 2005) (stating that where there are no differences in applicable law, there is no conflict and the court need not undertake a choice-of-law analysis).

alleged express contract" (internal quotation marks omitted)); *Eaves v. Designs for Fin., Inc.*, 785 F. Supp. 2d 229, 254 (S.D.N.Y. 2011) (holding that the plaintiffs' failure to "provide facts regarding any specific contract between the parties, how or when such contract was formed, or any terms of the contract(s) at issue" was "fatal" to their contract claims).

Applying these standards here, Ebomwonyi's breach-of-contract claim is plainly deficient. His claim is based on the vague allegation that "[SSL] promised to pa[y]" him the "charge for [d]emurrage," but this "conclusory allegation[] do[es] not suffice to establish the existence of a contract." *AJ Energy LLC v. Woori Bank*, No. 18-CV-3735 (JMF), 2019 WL 4688629, at *7 (S.D.N.Y. Sept. 29, 2019). Although the Court may consider the OBOL, which lists Ebomwonyi as consignee, there is no indication that SSL was party to that contract. Nor does Ebomwonyi plead any terms that would tie SSL's alleged promise of reimbursement to that agreement. In short, Ebomwonyi does not identify a contract that SSL breached. It follows that his breach claim must be and is dismissed.

The delay and storage-costs claims are more complicated, if only because the Court must address a threshold issue: whether it may consider the HBOL and Arrival Notice on a motion to dismiss, as they are neither attached to the Amended Complaint nor incorporated by reference into it (as the OBOL is). The Court concludes that it cannot, as there is no indication that Ebomwonyi possessed either document, let alone that he "relied upon [the documents'] terms and effect[s]" when drafting the Amended Complaint. *Chambers v. Time Warner*, 282 F.3d 147, 153 (2d Cir. 2002). But the Court concludes that it can and should convert SSL's motion to dismiss into a motion for summary judgment.

First, Defendants expressly referenced and submitted materials outside of the pleadings that readily dispose of Ebomwonyi's claims without the need for discovery. *See, e.g.*, *First Fin.*,

193 F.3d at 115. Specifically, as discussed below, the Court concludes that the HBOL and the Arrival Notice show that Ebomwonyi is not a party to the HBOL, that Ebomwonyi's claims against SSL are untimely, and that SSL cannot be held liable for any alleged delay or storage costs. And second, SSL gave Plaintiff a Local Rule 12.1 notice that the Court may treat its Rule 12(b)(6) motion as a motion for summary judgment, and informed Plaintiff that if he did not respond "by filing sworn affidavits and other papers as required by Rule 56(e)," his "AMENDED COMPLAINT MAY BE DISMISSED." ECF No. 39, at 1; *see, e.g.*, *Redman v. N.Y. State Dep't of Corr. Servs.*, 541 F. App'x 52, 53 (2d Cir. 2013) (summary order) ("Defendants' Local Rule 12.1 statement put Redman on notice that the motion might be converted into one for summary judgment."); *Cantey v. Mount Vernon City Sch. Dist.*, No. 16-CV-2669 (NSR), 2018 WL 3315574, at *4 (S.D.N.Y. July 5, 2018) ("Defendants' filing of their moving papers together with notice to a *pro se* litigant pursuant to Local Civil Rule 12.1 has regularly been considered sufficient notice for purposes of Rule 12(d)." (citing cases)).

Accordingly, SSL's motion to dismiss is converted to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Applying the summary judgment standard and considering the HBOL and Arrival Notice, the Court concludes that Ebomwonyi's delay and storage-costs claims are plainly meritless. The delay claim fails for any one of three reasons: first, the Arrival Notice shows that the cargo actually arrived *early*, *see* ECF No. 34-1, at 11; second, the plain language of the HBOL bars any claim against a carrier for any delay in the shipment of cargo, *see* HBOL ¶ 3; and third, the HBOL provides that any claim against a carrier must be brought within one year of the date of delivery, *see id.* ¶ 23, which Ebomwonyi failed to do as the cargo arrived at Port Tincan, Lagos, Nigeria on March 5, 2018, but the claim was not brought until March 28,

2019.[6]  And the storage-costs claim also fails in light of the HBOL, which expressly provides that the merchant, not the carrier, is responsible for any costs incurred for storing cargo at the destination port.  *See* HBOL ¶ 9.  Thus, whatever costs that Ebomwonyi incurred in Nigeria after the cargo was delivered, the HBOL permitted SSL to "arrange for storage" at the "risk and expense of the Merchant."  *Id.*

## CONCLUSION

For the reasons stated above, the Court:

- dismisses Owolabi Olowookere from the action, without prejudice to any relief he seeks to bring on his own behalf or through counsel;

- dismisses all claims against Maersk as time barred;

- dismisses Ebomwonyi's breach-of-contract claim against SSL; and

- converts SSL's motion to dismiss the delay and storage cost claims into a motion for summary judgment and grants SSL summary judgment as to those claims.

Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," *Ahmed v. GEO USA LLC*, No. 15-CV-7486 (JMF), 2015 WL 1408895, at *5 (S.D.N.Y. Mar. 27, 2015).  Here, the Court exercises its discretion and grants Ebomwonyi leave to amend to address his breach-of-contract claim because it is plausible that he could allege sufficient facts to address these defects.  The Court, however, declines to *sua sponte* grant Ebomwonyi leave to amend to address the other defects because they are substantive, and amendment would be futile.

---

[6]  Ebomwonyi purportedly signed the complaint on February 21, 2019, but he did not file it until March 28, 2019.  *See* ECF 1-2 (filing fee receipt dated March 28, 2019).  "For non-incarcerated pro se plaintiff's, 'the date a complaint is 'filed' is governed by the Federal Rules of Civil Procedure.'"  *Ioele v. City of N.Y.*, No. 18-CV-10904, 2020 WL 1503506, at *3 n.2 (S.D.N.Y. Mar. 30, 2020) (quoting *Forbes v. City of N.Y.*, No. 15-CV-3458, 2016 WL 6269602, at *2 (S.D.N.Y. Oct. 26, 2016)).  Under Fed. R. Civ. P. 3, "[a] civil action is commenced by filing a complaint with the court," which Plaintiff did on March 28, 2019.

*See, e.g.*, *Maragh v. Roosevelt Island Operating Corp.*, No. 16-CV-7530 (JMF), 2018 WL 6573452, at *6 (S.D.N.Y. Dec. 13, 2018); *Croft v. AXA Equitable Life Ins. Co.*, No. 17-CV-9355 (JMF), 2018 WL 4007646, at *5 (S.D.N.Y. Aug. 22, 2018). Ebomwonyi shall file any Second Amended Complaint addressing his breach-of-contract claim within **thirty days** of the date of this Opinion and Order. Should Ebomwonyi fail to file a Second Amended Complaint by that date, the Court will dismiss the breach-of-contract claim for failure to state a claim.

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website. For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

The Clerk of Court is directed to terminate ECF No. 34, mail a copy of this Opinion and Order to Ebomwonyi and Olowookere, and to note service on the docket.

SO ORDERED.

Dated: July 21, 2020  
New York, New York

JESSE M. FURMAN  
United States District Judge